1  LAW OFFICES OF DALE K.
   GALIPO
2  Dale K. Galipo, Esq. (SBN 144074)
   dalekgalipo@yahoo.com
3  21800 Burbank Boulevard, Suite 310
   Woodland Hills, California  91367
4  Telephone:  (818) 347-3333
   Facsimile:   (818) 347-4118

   LAW OFFICES OF LUIS A.
   CARRILLO
   Luis A. Carrillo, Esq. (SBN 70398)
   1499 Huntington Drive, Suite No. 402
   South Pasadena, CA 91030
   Tel: (626)799-9375
   Fax:(626)799-9380
   lac4justice@gmail.com

5

6

7            **UNITED STATES DISTRICT COURT**

8            **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 9  MARIA HERNANDEZ; A.J., JR., by and through his guardian *ad litem* Gladys Lario; S.J., by and through her guardian *ad litem* Veronica Valle; D.J., by and through her guardian *ad litem* Jasmin Santos; D.J., also by and through her guardian *ad litem* Jasmin Santos; J.T., by and through his guardian *ad litem* Cindy Torres; and A.J., by and through her guardian *ad litem* Patricia Morales, in each case individually and as successor in interest to Alex Jimenez, deceased,<br><br>           Plaintiffs,<br><br>      vs.<br><br>CITY OF LOS ANGELES; VICTOR PARTIDA; JEREMY PAIZ; and DOES 3-10, inclusive,<br><br>           Defendants. | Case No. 2:16-cv-02689-AB (JEMx)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br>1. Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)<br>2. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)<br>3. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)<br>4. Fourteenth Amendment-Interference with Familial Relations (42 U.S.C. § 1983)<br>5. Municipal Liability—Ratification (42 U.S.C. § 1983)<br>6. Municipal Liability—Inadequate Training (42 U.S.C. § 1983)<br>7. Municipal Liability— Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>8. False Arrest/False Imprisonment<br>9. Battery (Wrongful Death)<br>10. Negligence (Wrongful Death)<br>11. Violation of Cal. Civil Code § 52.1<br>12. Negligent Infliction of Emotional Distress (Bystander Negligence)<br><br>**DEMAND FOR JURY TRIAL** |

## FIRST AMENDED COMPLAINT FOR DAMAGES

COME NOW Plaintiffs Maria Hernanez; A.J., Jr., by and through his guardian *ad litem* Gladys Lario; S.J., by and through her guardian *ad litem* Veronica Valle; D.J., by and through her guardian *ad litem* Jasmin Santos; D.J., also by and through her guardian *ad litem* Jasmin Santos; J.T., by and through his guardian *ad litem* Cindy Torres; and A.J., by and through her guardian *ad litem* Patricia Morales, in each case individually and as successor in interest to Alex Jimenez, deceased, for their Complaint against Defendants City of Los Angeles, Victor Partida, Jeremy Paiz, and Does 3-10, inclusive, and allege as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal use of police force against Plaintiffs' father and son, Alex Jimenez ("DECEDENT"), on April 13, 2015 in the City of Los Angeles, California.

## PARTIES

4.     At all relevant times, Decedent Alex Jimenez was an individual residing in the City of Los Angeles, California.

5.     Plaintiff MARIA HERNANDEZ ("HERNANDEZ") is an individual residing in the City of Los Angeles, California and is the mother of DECEDENT. HERNANDEZ sues both in her individual capacity as the mother of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60.  HERNANDEZ seeks both survival and wrongful death damages under federal and state law.

6.     Plaintiff A.J., JR., is an individual residing in the City of Bakersfield, California and is the natural minor child of DECEDENT.  Plaintiff A.J., JR., by and through his guardian *ad litem* Gladys Lario, sues both in his individual capacity as the natural child of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60. A.J., JR. seeks both survival and wrongful death damages under federal and state law.

7.     Plaintiff S.J. is an individual residing in the City of Los Angeles, California and is also the natural minor child of DECEDENT.  Plaintiff S.J., by and through her guardian *ad litem* Veronica Valle, sues both in her individual capacity as the natural child of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60. S.J. seeks both survival and wrongful death damages under federal and state law.

8.     Plaintiff D.J. is an individual residing in the City of Los Angeles, California and is also the natural minor child of DECEDENT.  Plaintiff D.J., by and through her guardian *ad litem* Jasmin Santos, sues both in her individual capacity as the natural child of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60. D.J. seeks both survival and wrongful death damages under federal and state law.

9.     Plaintiff D.J. is an individual residing in the City of Los Angeles, California and is also the natural minor child of DECEDENT.  Plaintiff D.J., also by and through her guardian *ad litem* Jasmin Santos, sues both in her individual capacity as the natural child of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60.  D.J. seeks both survival and wrongful death damages under federal and state law.

10.     Plaintiff J.T. is an individual residing in the City of Las Vegas, Nevada and is also the natural minor child of DECEDENT.  Plaintiff J.T., by and through his guardian *ad litem* Cindy Torres, sues both in his individual capacity as the natural child of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60. J.T. seeks both survival and wrongful death damages under federal and state law.

11.     Plaintiff A.J. is an individual residing in the City of Los Angeles, California and is also the natural minor child of DECEDENT.  Plaintiff A.J., by and through her guardian *ad litem* Patricia Morales, sues both in her individual capacity as the natural child of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60. A.J. seeks both survival and wrongful death damages under federal and state law.

12.     At all relevant times, Defendant CITY OF LOS ANGELES ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued.  CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Los Angeles Police Department ("LAPD") and its agents and employees.  At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied

1   with the laws of the United States and of the State of California.  At all relevant

2   times, CITY was the employer of Defendants DOES 1-10.

3       13.     Defendant VICTOR PARTIDA ("PARTIDA") is a police officer

4   employed by the LAPD. PARTIDA was acting under color of law and within the

5   course and scope of his employment as an officer for the LAPD. PARTIDA was

6   acting with the complete authority and ratification of his principal, Defendant CITY.

7       14.     Defendant JEREMY PAIZ ("PAIZ") is a police officer employed by

8   the LAPD. PAIZ was acting under color of law and within the course and scope of

9   his employment as an officer for the LAPD. PAIZ was acting with the complete

10  authority and ratification of his principal, Defendant CITY.

11      15.     Defendants DOES 3-5 ("DOE OFFICERS") are police officers

12  employed by the LAPD.  DOE OFFICERS were acting under color of law and

13  within the course and scope of their employment as officers for the LAPD.  DOE

14  OFFICERS were acting with the complete authority and ratification of their

15  principal, Defendant CITY.

16      16.     Defendants DOES 6-8 are supervisory officers for the LAPD who were

17  acting under color of law and within the course and scope of their employment as

18  police officers for the LAPD.  DOES 6-8 were acting with the complete authority

19  and ratification of their principal, Defendant CITY.

20      17.     Defendants DOES 9-10 are managerial, supervisorial, and

21  policymaking employees of CITY, who were acting under color of law and within

22  the course and scope of their duties as managerial, supervisorial, and policymaking

23  employees of CITY.  DOES 9-10 were acting with the complete authority and

24  ratification of their principal, Defendant CITY.

25      18.     On information and belief, Defendants PARTIDA, PAIZ, and DOES 3-

26  10 were residents of the City of Los Angeles.

27

28

19.    In doing the acts and failing and omitting to act as hereinafter described, Defendants PARTIDA, PAIZ, and DOE OFFICERS were acting on the implied and actual permission and consent of Defendants LAPD and DOES 6-10.

20.    In doing the acts and failing and omitting to act as hereinafter described, Defendants PARTIDA, PAIZ, and DOES 3-10 were acting on the implied and actual permission and consent of the CITY.

21.    The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 3-10, inclusive, are unknown to Plaintiffs, who as a result sues these Defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

22.    At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

23.    All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

24.    Defendants PARTIDA, PAIZ, and DOES 3-10 are sued in their individual capacities.

25.    On or about October 8, 2015, pursuant to *Government Code* Section 910, Plaintiff presented a claim with the City of Los Angeles in full and timely compliance with the *California Tort Claim Act*.

1    26.    On or about October 23, 2015, the City of Los Angeles rejected

2  Plaintiffs' Claim pursuant to Government Code Sections 913 and 915.4.

3

4              **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

5    27.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

6  through 26 of this Complaint with the same force and effect as if fully set forth

7  herein.

8    28.    On April 13, 2015, at the curbside of 11742 S. Vermont Avenue in Los,

9  Angeles, California, Defendants PARTIDA and PAIZ improperly detained, arrested,

10  and asphyxiated DECEDENT.  PARTIDA and PAIZ wrongfully restrained

11  DECEDENT and dropped him to the ground while he was handcuffed, causing his

12  head to hit the pavement, thereby using excessive force against him.  PARTIDA and

13  PAIZ further used excessive force against DECEDENT when they shocked

14  DECEDENT with a Taser multiple times, unreasonably held him down, and when

15  PARTIDA placed pressure on DECEDENT's neck and back, disrupting the flow of

16  oxygen to DECEDENT and asphyxiating him.  Despite repeated pleas by

17  DECEDENT, DECEDENT's family members, and witnesses for PARTIDA to

18  remove his knee from DECEDENT's throat, PARTIDA continued to place his knee

19  on DECEDENT's throat, causing DECEDENT to vomit, turn blue, and ultimately

20  die.

21    29.    PARTIDA and PAIZ unreasonably held DECEDENT down and did

22  not release pressure from DECEDENT's neck and back until they realized they were

23  being recorded by a percipient witness.  That witness was transported to an LAPD

24  station where he was interviewed and the video was erased from his phone by

25  LAPD officers.

26    30.    DECEDENT was unarmed, was not committing any crime, had not

27  threatened any one, was not about to harm anyone, and posed no imminent threat of

28  death or serious bodily injury to anyone.  As a result of the excessive force,

DECEDENT endured severe pain and suffering, embarrassment, humiliation, suffered blunt force trauma to his extremities, thorax, and head, and then lost his life and earning capacity.

31.     The use of force against DECEDENT was excessive and objectively unreasonable under the circumstances, especially because DECEDENT was unarmed and did not pose an immediate threat of death or serious bodily injury to anyone at the time of the use of force.

32.     Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT, even though he was clearly turning blue and unable to breathe.  The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's serious injuries.

33.     Plaintiffs were dependent on DECEDENT, to some extent, for the necessities of life.

34.     Plaintiffs A.J., JR., S.J., D.J., D.J., J.T., and A.J. (hereinafter "the minor plaintiffs") are DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to DECEDENT's interest in this action as the natural minor children of DECEDENT.

35.     Plaintiff HERNANDEZ is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural mother of DECEDENT.

**FIRST CLAIM FOR RELIEF**

**Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)**

(By the minor plaintiffs against Defendants PARTIDA and PAIZ and DOE OFFICERS)

36.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 35 of this Complaint with the same force and effect as if fully set forth herein.

37.     Defendants PARTIDA and PAIZ detained DECEDENT without reasonable suspicion and arrested him without probable cause.

38.     When Defendants PARTIDA and PAIZ placed DECEDENT in handcuffs, restrained him, pointed and used the Taser on him, dropped him to the ground, and placed on knee on DECEDENT's throat and pressure on DECEDENT's back, asphyxiating him, they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

39.     The conduct of Defendants PARTIDA and PAIZ was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants PARTIDA and PAIZ.

40.     As a result of their misconduct, Defendants PARTIDA and PAIZ are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

41.     The minor plaintiffs bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees.

**SECOND CLAIM FOR RELIEF**

**Fourth Amendment —Excessive Force (42 U.S.C. § 1983)**

(By the minor plaintiffs against Defendants PARTIDA , PAIZ, and DOE OFFICERS)

42.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43.     Defendants PARTIDA and PAIZ used excessive force against DECEDENT when they: dropped a handcuffed DECEDENT to the ground, causing his head to hit the pavement; used a Taser against DECEDENT multiple times; placed a knee on DECEDENT's throat, blocking his flow of oxygen and asphyxiating him; placed pressure on DECEDENT's neck and back, asphyxiating him; caused DECEDENT to suffer blunt force trauma; and engaged in other undiscovered conduct.  Defendant PARTIDA and PAIZ' unjustified use of force deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

44.     Each of PAIZ, PARTIDA, and DOE OFFICERS integrally participated and/or failed to intervene.

45.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

46.     The conduct of Defendants PARTIDA and PAIZ was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendants PARTIDA and PAIZ.

FIRST AMENDED COMPLAINT FOR DAMAGES

47. The use of force was excessive and unreasonable, primarily because DECEDENT posed no immediate threat of death or serious bodily injury at the time of the use of force. In fact, he was unarmed and handcuffed at the time that PARTIDA and PAIZ used force against him. Further, Defendants PARTIDA and PAIZ' use of force violated their training and standard police officer training with regard to positional asphyxia and the use of deadly force.

48. The minor plaintiffs bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights. Plaintiffs also seek attorney's fees.

## THIRD CLAIM FOR RELIEF

### Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)

(By the minor plaintiffs against Defendants PARTIDA and PAIZ)

49. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 48 of this Complaint with the same force and effect as if fully set forth herein.

50. The denial of medical care by Defendants PARTIDA and PAIZ after they Tased, beat, and asphyxiated DECEDENT deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

51. As a result of the foregoing, DECEDENT suffered blunt force trauma, great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

52. Defendants PARTIDA and PAIZ observed DECEDENT vomit and turn blue and knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of

1  pain, but disregarded that serious medical need, causing DECEDENT great bodily

2  harm and death.

3      53.    The conduct of PARTIDA and PAIZ was willful, wanton, malicious,

4  and done with reckless disregard for the rights and safety of DECEDENT and

5  therefore warrants the imposition of exemplary and punitive damages as to

6  Defendants PARTIDA and PAIZ.

7      54.    As a result of their misconduct, Defendants PARTIDA and PAIZ are

8  liable for DECEDENT's injuries, either because they were integral participants in

9  the wrongful detention and arrest, or because they failed to intervene to prevent

10 these violations.

11     55.    The minor plaintiffs bring this claim as DECEDENT's successors-in-

12 interest as defined in Section 377.11 of the California Code of Civil Procedure and

13 seek survival damages for the violation of DECEDENT's rights.  Plaintiffs also seek

14 attorney's fees.

15

16                    **FOURTH CLAIM FOR RELIEF**

17              **Substantive Due Process (42 U.S.C. § 1983)**

18              (By all Plaintiffs against Defendants PARTIDA and PAIZ)

19     56.    Plaintiffs repeat and re-alleges each and every allegation in

20 paragraphs 1 through 55 of this Complaint with the same force and effect as if fully

21 set forth herein.

22     57.    Plaintiff HERNANDEZ had a cognizable interest under the Due

23 Process Clause of the Fourteenth Amendment of the United States Constitution to be

24 free from state actions that deprive him of life, liberty, or property in such a manner

25 as to shock the conscience, including but not limited to unwarranted state

26 interference in Plaintiff HERNANDEZ' familial relationship with her son,

27 DECEDENT.

28

58.   DECEDENT himself had had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

59.   The minor plaintiffs, and each of them, had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive each of them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in the minor plaintiffs' familial relationship with their father, DECEDENT.

60.   The aforementioned actions of Defendants PARTIDA and PAIZ, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

61.   As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died.  PARTIDA and PAIZ thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

62.   As a direct and proximate cause of the acts of PARTIDA and PAIZ, Plaintiffs suffered emotional distress, mental anguish, and pain.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

63.   The conduct of PARTIDA and PAIZ was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants PARTIDA and PAIZ.

64.     The minor plaintiffs bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(By the minor plaintiffs against Defendants CITY and DOES 6-10)

65.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 64 of this Complaint with the same force and effect as if fully set forth herein.

66.     Defendants PARTIDA and PAIZ acted under color of law;

67.     The acts of Defendants PARTIDA and PAIZ deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

68.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants PARTIDA and PAIZ, ratified Defendants PARTIDA and PAIZ' acts and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of Defendants PARTIDA and PAIZ' acts.

69.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants PARTIDA and PAIZ were "within policy."

70.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

71.     Accordingly, Defendants CITY, PARTIDA, PAIZ, and DOES 3-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

72.     The minor plaintiffs bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(By all Plaintiffs against Defendants CITY and DOES 6-10)

73.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 72 of this Complaint with the same force and effect as if fully set forth herein.

74.     Defendants PARTIDA and PAIZ acted under color of law;

75.     The acts of Defendants PARTIDA and PAIZ deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

76.     The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including the CITY's failure to train its officers with respect to positional and restraint asphyxia.

77.     Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

78.     The failure of Defendant CITY to provide adequate training caused the deprivation of Plaintiffs' rights by Defendants DOE OFFICERS; that is, Defendants' failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury.

79.     On information and belief, CITY failed to train PARTIDA and PAIZ properly and adequately.

-14-

80.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

81.     Accordingly, Defendants CITY, PARTIDA, PAIZ, and DOES 3-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

82.     The minor plaintiffs bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees.

## SEVENTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(By the minor plaintiffs against Defendants CITY and DOES 6-10)

83.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 82 of this Complaint with the same force and effect as if fully set forth herein.

84.     Defendants PARTIDA and PAIZ acted under color of law;

85.     Defendants PARTIDA and PAIZ acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

86.     On information and belief, Defendants PARTIDA and PAIZ were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

87.     Defendants CITY, PARTIDA, and PAIZ, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)     Using excessive force, including excessive deadly force;

-15-

1

2

    (b)    Providing inadequate training regarding the use of deadly force and the risks of positional asphyxia;

3

4

5

6

7

    (c)    Employing and retaining as police officers individuals such as Defendants PARTIDA and PAIZ, who Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

8

9

10

11

12

    (d)    Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendants PARTIDA and PAIZ, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

13

14

15

16

    (e)    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY officers, Defendants PARTIDA and PAIZ;

17

18

19

20

21

22

    (f)    Failing to adequately discipline CITY police officers, including Defendants PARTIDA and PAIZ, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

23

24

25

    (g)    Announcing that unjustified uses of force are "within policy," including uses of force that were later determined in court to be unconstitutional;

26

27

28

    (h)    Even where uses of force are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

-16-

(i)     Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

(j)     Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of incidents of excessive force by police officers, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in use of excessive force against unarmed people.

88.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

89.     Defendants CITY, PARTIDA, PAIZ, and DOES 3-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

90.     The following are only a few examples of continued misconduct by officers working for Defendant CITY.  These examples demonstrate an unconstitutional custom, policy, and practice of using deadly force against unarmed civilians, and ratifying that use of deadly force and/or finding the use of deadly force to be justified or "within policy":

a) In *Medina v. City of Los Angeles*, case number CV 06-4926-CBM (Ex), Plaintiff alleged that the involved LAPD officers used excessive and unreasonable force when they kept Mr. Medina (the decedent) down in a prone position while he was handcuffed and hobbled and placed weight on his back and pressure on his neck for an extended period of time.  The medical examiner in that case confirmed that Mr. Medina died as a result of restraint asphyxia.  A unanimous jury returned a verdict in Plaintiff's favor, finding that the use of force was excessive and unreasonable.  In that case, the involved officers were not disciplined or retrained for their use of force, and the CITY found that the officer's conduct was justified and did not violate any CITY policy.

b) In *Contreras v. City of Los Angeles*, case number 2:11-cv-01480-SVW (SHx), the CITY argued that the use deadly force against Mr. Contreras by LAPD officers was reasonable; a unanimous jury disagreed, awarding Mr. Contreras $5,700,000 after finding that the involved officers used excessive and unreasonable force when they shot an unarmed Mr. Contreras.  Police reports confirmed that Mr. Contreras was unarmed.  In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY found that the shooting was justified and did not violate any CITY policy.

c) In *P.C., et al. v. City of Los Angeles*, case number CV 07-3413 PLA, the CITY argued that the involved LAPD officers' use of force was reasonable; a unanimous jury disagreed, awarding the plaintiffs a total

-18-

of $3,215,000 after finding that the involved officers' use of force was excessive and unreasonable.  In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY found that the shooting was justified and did not violate any CITY policy.

d) In *Cano, et al. v. City of Los Angeles*, case number 2:15-cv-00333-JAK-E, currently pending in the United States District Court for the Central District of California, the family of an unarmed man (David Martinez) who was shot and killed by LAPD Rampart officers alleges that the force used by the officers was excessive and unreasonable. Police reports confirm that Mr. Martinez was unarmed at the time of the shooting. In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY found that the shooting was justified and did not violate any CITY policy.

91.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, PARTIDA, PAIZ, and DOES 3-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY, PARTIDA, PAIZ, and DOES 3-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

92.     Accordingly, Defendants CITY, PARTIDA, PAIZ, and DOES 3-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

93.     The minor plaintiffs bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees.

# EIGHTH CLAIM FOR RELIEF

## False Arrest/False Imprisonment

### (By all Plaintiffs against Defendants CITY, PARTIDA, and PAIZ)

94.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 93 of this Complaint with the same force and effect as if fully set forth herein.

95.     Defendants PARTIDA and PAIZ, while working as officers for the LAPD and acting within the course and scope of their duties, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress.  PARTIDA and PAIZ detained DECEDENT without reasonable suspicion and arrested him without probable cause.

96.     DECEDENT did not knowingly or voluntarily consent.

97.     Defendants PARTIDA and PAIZ detained DECEDENT for an appreciable amount of time, including while they Tased him, choked him, and dropped him onto the ground, causing his head to hit the pavement.

98.     The conduct of PARTIDA and PAIZ was a substantial factor in causing the harm to DECEDENT.

99.     Defendant CITY is vicariously liable for the wrongful acts of Defendants PARTIDA and PAIZ, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

100.    The conduct of PARTIDA and PAIZ was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiff to an award of exemplary and punitive damages.

101.    As a result of their misconduct, Defendants PARTIDA and PAIZ are liable for DECEDENT's injuries, either because they were integral participants in

1 the wrongful detention and arrest, or because they failed to intervene to prevent

2 these violations.

3    102.   The minor plaintiffs bring this claim as DECEDENT's successors-in-

4 interest as defined in Section 377.11 of the California Code of Civil Procedure and

5 seek survival damages for the violation of DECEDENT's rights.

6    103.   Plaintiff HERNANDEZ brings this claim individually based on her

7 financial dependency on DECEDENT and seeks wrongful death damages for the

8 violation of DECEDENT's rights.

9    104.   Plaintiffs also seek attorney's fees.

10

11              **NINTH CLAIM FOR RELIEF**

12                      **Battery**

13                   (Wrongful Death)

14     (By all Plaintiffs against Defendants CITY, PARTIDA, and PAIZ)

15    105.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

16 through 104 of this Complaint with the same force and effect as if fully set forth

17 herein.

18    106.   PARTIDA and PAIZ, while working for the LAPD and acting within

19 the course and scope of their duties, intentionally Tased DECEDENT multiple

20 times.  PARTIDA and PAIZ also dropped DECEDENT onto the ground, causing his

21 head to hit the pavement.  PARTIDA and PAIZ also placed force, pressure, and/or

22 weight on DECEDENT's neck and back while he was handcuffed, asphyxiating

23 him.  DOE OFFICERS also unreasonably restrained DECEDENT.  PARTIDA and

24 PAIZ also beat DECEDENT, as indicated on the autopsy report that DECEDENT

25 suffered blunt force trauma to both his head and extremities.  The foregoing conduct

26 constitutes unreasonable and excessive force against DECEDENT.  As a result of

27 the actions of PARTIDA and PAIZ, DECEDENT suffered severe pain and

28 suffering, including blunt force trauma, embarrassment, humiliation, and ultimately

died from his injuries.  PARTIDA and PAIZ had no legal justification for using force against DECEDENT, and their use of force while carrying out their duties as police officers was an unreasonable and nonprivileged use of force.

107.   Each of PARTIDA, PAIZ, and DOE OFFICERS integrally participated and/or failed to intervene.

108.   As a direct and proximate result of the conduct of PARTIDA and PAIZ as alleged above, DECEDENT sustained injuries and died from his injuries and also lost his earning capacity.  Also as a direct and proximate result of the conduct of DOE OFFICERS as alleged above, DECEDENT suffered survival damages pursuant to Code of Civil Procedure Section 377.34.

109.   CITY is vicariously liable for the wrongful acts of Defendant PARTIDA and PAIZ pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

110.   The conduct of PARTIDA and PAIZ was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages as to PARTIDA and PAIZ.

111.   The minor plaintiffs bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights.

112.   Plaintiff HERNANDEZ brings this claim individually and seeks wrongful death damages and funeral and burial expenses for the violation of DECEDENT's rights.

113.   Plaintiffs also seek attorney's fees.

# **TENTH CLAIM FOR RELIEF**

### **Negligence**

(Wrongful Death)

(By all Plaintiffs against all Defendants)

114.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 113 of this Complaint with the same force and effect as if fully set forth herein.

115.   Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

116.   Defendants PARTIDA and PAIZ breached this duty of care.  Upon information and belief, the actions and inactions of Defendants PARTIDA and PAIZ were negligent and reckless, including but not limited to:

(a)   restraining DECEDENT in a prone position and keeping him in that prone position for an unreasonable amount of time;

(b)   applying weight, force, and/or pressure to DECEDENT's neck and back while DECEDENT was in a prone position;

(c)   the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

(d)   the negligent tactics and handling of the situation with DECEDENT, including pre-Tasing, pre-restraint, pre-beating and pre-asphyxiating negligence;

(e)   the negligent detention, arrest, and use of force against DECEDENT;

(f)   the failure to provide prompt medical care to DECEDENT;

FIRST AMENDED COMPLAINT FOR DAMAGES

(g)    the failure to properly train and supervise employees, both professional and non-professional, including PARTIDA and PAIZ, particularly with regard to the risks of positional asphyxia;

(h)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(i)    the negligent handling of evidence and witnesses, in particular the cell phone video taken by the percipient witness;

(j)    the negligent communication of information during the incident; and

(k)    the failure to understand the risks of positional restraint asphyxia.

117.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

118.   CITY is vicariously liable for the wrongful acts of Defendants PARTIDA and PAIZ pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

119.   The minor plaintiffs bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights.

120.   Plaintiff HERNANDEZ brings this claim individually and seeks wrongful death damages for the violation of DECEDENT's rights.

-24-

121.   Plaintiffs also seek attorney's fees and recovery of funeral and burial expenses.

## ELEVENTH CLAIM FOR RELIEF

### (Violation of Cal. Civil Code § 52.1)

(By the minor plaintiffs against all Defendants)

122.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 121 of this Complaint with the same force and effect as if fully set forth herein.

123.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

124.   On information and belief, Defendants PARTIDA and PAIZ, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including by handcuffing, Tasing, asphyxiating, and beating him without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying him necessary medical care.

125.   When Defendants PARTIDA and PAIZ Tased, beat, handcuffed, and choked DECEDENT, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

126.   On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against her for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

127.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants PARTIDA and PAIZ were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

128.    Defendants thus successfully interfered with the above civil rights of DECEDENT and Plaintiffs.

129.   The conduct of Defendants was a substantial factor in causing Plaintiffs' harms, losses, injuries, and damages.

130.   CITY is vicariously liable for the wrongful acts of Defendants PARTIDA and PAIZ, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

131.   Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

132.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to Defendants PARTIDA and PAIZ.

133.   The minor plaintiffs bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights.

134.   Plaintiffs also seek attorney's fees.

//

//

//

//

**<u>ELEVENTH CLAIM FOR RELIEF</u>**

**(Negligence—Bystander, Negligent Infliction of Emotional Distress)**

(By HERNANDEZ against Defendants PARTIDA, PAIZ, DOE OFFICERS, and CITY)

134.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 133 of this Complaint with the same force and effect as if fully set forth herein.

135.   MARIA HERNANDEZ is the mother of DECEDENT.

136.   Plaintiff HERNANDEZ was present at the scene of the incident when PARTIDA and PAIZ used force against DECEDENT. HERNANDEZ was contemporaneously aware that DECEDENT was being injured at the time that the officers used force against DECEDENT. Specifically, HERNANDEZ observed the asphyxiation of DECEDENT by PARTIDA and PAIZ and pleaded with PARTIDA to remove his knee from DECEDENT's back and neck. HERNANDEZ also observed and perceived her son to vomit and turn blue, and she was aware that DECEDENT had died after the use of police force.

137.   Defendants PARTIDA and PAIZ, while working as police officers for the CITY of Los Angeles Police Department and while acting within the course and scope of their duties, negligently and carelessly inflicted such emotional distress on HERNANDEZ when they asphyxiated and killed DECEDENT in front of Plaintiff HERNANDEZ.

138.   PARTIDA and PAIZ were integral participants in this conduct or failed to intervene in the conduct.  DOE officers were also integral participants or failed to intervene.

138.   As a direct and proximate cause of Defendants' conduct, Plaintiff HERNANDEZ was caused to suffer severe emotional distress, including but not

FIRST AMENDED COMPLAINT FOR DAMAGES

limited to suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

139.   Plaintiff HERNANDEZ brings this claim in her individual capacity and seeks compensatory damages. Plaintiffs also seek attorney's fees, funeral and burial expenses, and punitive damages under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Maria Hernandez, individually; A.J., Jr., by and through his guardian *ad litem* Gladys Lario; S.J., by and through her guardian *ad litem* Veronica Valle; D.J., by and through her guardian *ad litem* Jasmin Santos; D.J., also by and through her guardian *ad litem* Jasmin Santos; J.T., by and through his guardian *ad litem* Cindy Torres; and A.J., by and through her guardian *ad litem* Patricia Morales, in each case individually and as successor in interest to Alex Jimenez, deceased, request entry of judgment in their favor and against Defendants City of Los Angeles Victor Partida, Jeremy Paiz, and Does 3-10, inclusive, as follows:

A.  For compensatory damages in whatever amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

B.  For funeral and burial expenses, and loss of financial support;

C.  For punitive damages against the individual defendants in an amount to be proven at trial;

D.  For statutory damages;

E.  For interest;

F.  For reasonable attorneys' fees, including litigation expenses;

G.  For costs of suit; and

H.  For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  March 22, 2017          LAW OFFICES OF DALE K. GALIPO
                                LAW OFFICES OF LUIS A. CARRILLO


                                By /s/ Dale K. Galipo
                                _____
                                Dale K. Galipo
                                Luis A. Carrillo
                                Attorneys for Plaintiffs

-29-

1

## **DEMAND FOR JURY TRIAL**

2        Plaintiffs hereby demand a trial by jury.

3

4   DATED:  March 22, 2017          LAW OFFICES OF DALE K. GALIPO
                                    LAW OFFICES OF LUIS A. CARRILLO
5

6
                                    By /s/ Dale K. Galipo
7                                   _____
                                       Dale K. Galipo
8                                      Luis A. Carrillo
                                       Attorneys for Plaintiffs
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-30-